CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 30 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEVIN NEVOYLE DICKERSON, ) | Criminal No. 7:10cr00011 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 2255 MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

This is a motion pursuant to 28 U.S.C. § 2255 by defendant, Kevin Nevoyle Dickerson, to set aside his guilty plea and sentence for conspiracy to distribute more than 1000 grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and for possession with intent to distribute more than one hundred grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Dickerson claims his counsel rendered ineffective assistance in advising him against accepting a plea bargain and in failing to object to the reassignment of his sentencing to another judge. The court finds that Dickerson is unable to demonstrate deficient performance and prejudice as to either of his claims and denies his motion.

I.

The grand jury returned an indictment against Dickerson and two other defendants on various heroin trafficking counts. Dickerson was named as a defendant in two counts. The first (count one) alleged a conspiracy from June 2008 through December 2009 to distribute more than 1000 grams of heroin and was subject to imprisonment from ten years to life. The second (count eight) alleged possession with intent to distribute more than 100 grams of heroin on December 4, 2009, and was subject to imprisonment from five to forty years. Had the government filed an

information pursuant to 21 U.S.C. § 851, Dickerson's record would have subjected him to a mandatory life sentence. The government did not file such an information.

Counsel advised Dickerson (who had cooperated with authorities) to plead guilty to both counts without the benefit of a plea agreement, rather than accept an offer to plead guilty to count one, ostensibly to avoid appellate and collateral attack waivers. Dickerson followed counsel's advice. Dickerson had quite a lengthy record and also qualified as a career offender under United States Sentencing Guideline § 4B1.1. Because he clearly demonstrated acceptance of responsibility and notified the government at an early date of his intention to enter a plea of guilty, the presentence report subtracted three points from his offense level. Nevertheless, his presentence report calculated his total offense level to be 34, which, in connection with his criminal history category VI, produced an advisory Guideline custody range of 262 to 327 months. Counsel filed a detailed sentencing memorandum advancing a number of reasons why the court should impose a sentence well below the advisory Sentencing Guidelines.

The court reassigned the case to Circuit Court Judge G. Steven Agee, who then presided at sentencing. Dickerson's counsel argued in favor of a varied sentence. The court opted for a sentence at the low end of the Guidelines, sentencing Dickerson to concurrent 262-month sentences. Dickerson appealed, arguing on appeal that his sentence was procedurally unreasonable. The Court of Appeals found otherwise and affirmed. United States v. Dickerson, 436 Fed. App. 252 (4th Cir. 2011).

## II.

Dickerson alleges that his counsel rendered ineffective assistance in recommending that he plead guilty without a plea agreement to counts one and eight of the indictment, when he could have pled to count one under a proposed plea agreement. The government has not offered

2

counsel's affidavit explaining counsel's reasons for recommending a "straight-up" plea, though it is highly likely that in light of the government's usual insistence on the inclusion of appellate and collateral-attack waivers in plea agreements, counsel believed that it was important under the circumstances to avoid those waivers. Counsel's reasoning in that regard would be well within the zone of deference courts should observe in judging ineffective-assistance claims. Despite not having the benefit of counsel's reasoning here, the court finds no reason to hear evidence on the point given Dickerson's inability to show a reasonable probability that he received a longer sentence than he would have received had he pled guilty pursuant to a plea agreement. Because an ineffective-assistance claim requires both deficient performance and prejudice, the court dismisses the claim.

Because the Sixth Amendment right to counsel extends to plea bargaining, see Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Merzbacher v. Shearin, No. 10-7118, 2013 WL 285706 (4th Cir. Jan. 25, 2013), "criminal defendants are 'entitled to the effective assistance of competent counsel' during that process." Merzbacher, 2013 WL 285706, at *5 (quoting Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012)).[1] "As explained in Hill v. Lockhart, 474 U.S. 52, 57 (1985), the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), governs ineffective assistance claims involving the plea process." Merzbacher, 2013 WL 285706, at *5. Under that two-part test, Fitzgerald must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669. Under the performance prong, "[c]ourts

---

[1] In Frye, counsel never apprised Frye of a favorable offer from the prosecution. The Supreme Court held that, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 132 S. Ct. at 1408. As a consequence, when Frye's counsel "allowed the offer to expire without advising [Frye] or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." Id. In Lafler, Lafler's counsel misadvised him that the prosecution would be unable to prove an essential element of the offense.

3

'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' in order to avoid 'the distorting effects of hindsight.'" Merzbacher, 2013 WL 285706, at *6 (quoting Strickland, 466 US at 689). To prove prejudice, Dickerson must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. "When an ineffective assistance claim arises in the plea context, the Supreme Court has said that the Strickland prejudice inquiry focuses on 'whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" Merzbacher, 2013 WL 285706, at *6 (quoting Hill, 474 U.S. at 59).[2]

"To show prejudice from ineffective assistance of counsel in a case involving a plea offer, petitioners must demonstrate a reasonable probability that (1) 'they would have accepted the earlier plea offer had they been afforded effective assistance of counsel,' and (2) 'the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law.'" Id. at *8 (citing Frye, 132 S. Ct. at 1409; Lafler, 132 S. Ct. at 1385).

Here, Dickerson was subject to a sentence of incarceration from ten years to life based on his plea to count one and a sentence of five years to forty years based on his plea to count eight. But under the conduct-based sentencing scheme implemented by 18 U.S.C. § 3553 and the advisory Sentencing Guidelines, Dickerson's plea to count one subsumed the conduct alleged in count eight, as reflected in the concurrent 262-month sentences the court imposed. His plea to count eight did not lengthen his term of incarceration by a single day. Consequently, Dickerson cannot show any meaningful prejudice, and the court dismisses the claim. See Green v. United

---

[2] As the Supreme Court and the Fourth Circuit have noted, "'there is no reason for a court deciding an ineffective assistance claim' to resolve 'both components of the inquiry if the defendant makes an insufficient showing on one.'" Merzbacher, 2013 WL 285706, at *6 (quoting Strickland, 466 U.S. at 697).

4

States, 65 F.3d 546, 551 (6th Cir. 1995) (holding that, in the case of 420-month and 57-month concurrent sentences, claims affecting only the 57-month sentence were insufficient to establish prejudice because it had no effect on the length of time petitioner would spend in prison).

### III.

Dickerson claims that his counsel rendered ineffective assistance in failing to object to the reassignment of his sentencing to another judge, which Dickerson alleges was in violation of Federal Rule of Criminal Procedure 25(b)(1). That rule provides in part that "[a]fter a verdict or finding of guilty, any judge regularly sitting in or assigned to a court may complete the court's duties if the judge who presided at *trial* cannot perform those duties because of absence, death, sickness, or other disability." Fed. R. Crim. P. 25(b)(1) (emphasis added). Here, there was no "trial" in the ordinary, usual sense of that word—there was a plea of guilty. See Green v. LaMarque, 532 F.3d 1028, 1032 (9th Cir. 2008) (noting that a conviction was "pursuant to plea, not a trial"); United States v. Roberts, 515 F.2d 642, 648 (2d Cir. 1975) (noting that "the defendant contemplated not a trial but instead a plea of guilty"); Wimberly v. United States, No. 93-50028-4, 2009 WL 1212829, at *16 (E.D. Mich. May 1, 2009) (noting that the case "involved a guilty plea and not a trial"); Finch v. Reed, No. 9:07-0019, 2007 WL 2022184, at *19 (D.S.C. July 11, 2007) (noting that "petitioner's conviction resulted from a guilty plea, not a trial"); United States v. Detwiler, 338 F. Supp. 2d 1166, 1176 (D. Or. 2004) (noting that "98.7 percent of all criminal convictions in [that] district resulted from a plea, not a trial"); Wilson v. United States, Nos. IP 01-0200-C & IP 99-62-CR-1, 2001 WL 243289, at *3 (S.D. Ind. March 5, 2001) ("A guilty plea hearing is not a trial."); see also United States v. Tootle, 65 F.3d 381, 384 (4th Cir. 1895) (Niemeyer, J., concurring) ("A hearing to approve a plea agreement is not a trial . . . .").

5

But even assuming Rule 25(b)'s application, Dickerson can show neither deficient performance nor prejudice in counsel's failure to object. First and foremost, there is an important distinction between a *right* to object and a *reason* to object. There was absolutely no reason for counsel to believe that the substitution of another judge at sentencing was disadvantageous. Second, even with hindsight judgment there is nothing that even remotely suggests that it was, in fact, prejudicial. Consequently, the claimed violation of Rule 25(b) is procedurally defaulted and Dickerson cannot show cause and prejudice to excuse that procedural default.

## IV.

For the reasons stated, the court denies Dickerson's § 2255 motion.

**ENTER:** January 30, 2013.

_____
UNITED STATES DISTRICT JUDGE